```
Dennis B. Cook, Bar No. 93432
Ronald B. Brown, Bar No. 107340
Jessavel Y. Delumen, Bar No. 178056
COOK, BROWN & PRAGER, LLP
555 Capitol Mall, Suite 425
Sacramento, California 95831
(916) 442-3100 - Telephone
(916) 442-4227 - Facsimile

Attorneys for Plaintiff,
ASSOCIATED BUILDERS AND CONTRACTORS
OF SOUTHERN CALIFORNIA, INC.
```

S En D / JS-6

**FILED**
JUN 17 2002
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA, CALIFORNIA

BY FAX

| ASSOCIATED BUILDERS AND CONTRACTORS OF SOUTHERN CALIFORNIA, INC., | ) Case No. SA02-131AHS (MLGx) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **STIPULATION AND ORDER FOR ENTRY OF FINAL JUDGMENT** |
| HENRY P. NUNN, III, et al. | ) |
| Defendants. | ) |

✓ Docketed
✓ Copies / NTC Sent
✓ JS - 5 / JS - 6
__ JS - 2 / JS - 3
__ CLSD

**NOTE CHANGES MADE BY THE COURT.**

ENTER ON ICMS
JUN 1 8 2002

Whereas Plaintiff Associated Builders and Contractors of Southern California, Inc. filed its First Amended Complaint in this action on February 11, 2002, and Defendants Henry P. Nunn III, Stephen J. Smith, and Jeannie Holmes and Intervenor-Defendant State Building and Construction Trades Council of California, AFL-CIO ("SBTC") (hereafter collectively

M:\JDW\Coalition\Pld\Stipulation and Order for Entry of Judgment(Final).wpd

1

STIPULATION AND ORDER FOR ENTRY OF JUDGMENT
SA-02-131-AHS(MLGx)

referred to as "Defendants") have appeared in this action through their respective attorneys;

Whereas ABC-SoCal's First Amended Complaint sought a declaration that the provisions of Section 208(b) and/or Section 208(c) of Title 8 of the California Code of Regulations are preempted by the United States Housing Act (42 U.S.C. § 1437 et seq.) ("USHA"); Davis Bacon Act (40 U.S.C. §§ 276a); National Labor Relations Act (29 U.S.C. §§ 157 et seq.) ("NLRA"); and/or Employee Retirement Income Security Act (29 U.S.C. §§ 1001 et seq.) ("ERISA") and are unconstitutional as a violation of the Supremacy Clause contained in Article VI of the Constitution of the United States; and a temporary restraining order, preliminary and permanent injunction enjoining Defendants and their agents, employees, attorneys, representatives, as well as all those persons acting in active concert or participation with them, from placing or continuing in effect, or applying, enforcing, or threatening to apply or enforce Section 208(b) and Section 208(c) against ABC-SoCal, its subscribing employers, or any employer of apprentices in the building and construction industry in the State of California or to ABC-SoCal's apprentices, or any other person, entity, or apprenticeship program, or apprentice;

Whereas ABC-SoCal filed a motion for a

1. preliminary injunction and Defendants opposed such
2. motion;
3.     Whereas, following the submission of briefs and
4. evidence by the parties and amicus curiae and oral
5. argument, on April 11, 2002, the Honorable Alicemarie
6. H. Stotler of the United States District Court issued
7. an order denying ABC-SoCal's Motion for Preliminary
8. Injunction;
9.     Whereas the issue at trial of whether Section 208
10. of Title 8 of the California Code of Regulations is
11. preempted by the USHA, the Davis Bacon Act, the NLRA,
12. and/or the ERISA is identical to the issues set forth
13. in ABC-SoCal and Defendants' motion for preliminary
14. injunction or opposition thereto;
15.     Whereas the parties wish to preserve scarce
16. resources and to obtain a final judgment of all causes
17. of action before the district court so that they may
18. present their claims to the Court of Appeals; and
19.     Whereas on May 9, 2002, ABC-SoCal filed a Notice
20. of Appeal to appeal the district court's April 11,
21. 2002 Order Denying Preliminary Injunction, but the
22. parties now wish to obtain a final judgment and ABC-
23. SoCal wishes to file an appeal of the final judgment.
24.     ABC-SOCAL AND DEFENDANTS, BY AND THROUGH THEIR
25. ATTORNEYS, NOW STIPULATE AND AGREE AS FOLLOWS:
26.     Pursuant to FRCP 65(a)(2), the Court may order
27. the trial of the action on the merits to be
28.

M:\JDW\Coalition\Pld\Stipulation and Order for Entry of Judgment (Final).wpd

3.  STIPULATION AND ORDER FOR ENTRY OF JUDGMENT
SA-02-131-AHS(MLGx)

California. See First Amended Complaint ¶ 7a.

4. Defendant Holmes is Chair of the California Apprenticeship Council ("CAC"). See First Amended Complaint ¶ 8a.

5. Defendant-Intervenor SBTC is a federation of unions that collectively represent most of the apprentices in State-approved apprenticeship programs in California. Reply Decl. Balgenorth ¶¶ 1, 6, 7.

6. CAC is a seventeen-member body comprised of representatives of business, labor, government, education, and the general public. Cal. Labor Code Section 3070. The CAC amended its regulations, effective February 16, 2002, and those amended regulations are challenged in this case. The Court is informed that an accurate copy of the amended regulations is attached as Exhibit A to the First Amended Complaint.

7. The regulation at issue in this case is Title 8, California Code of Regulations, Section 208 (hereinafter "Section 208"), and specifically Sections 208(b) and (c).

8. Sections 208(b) and (c) set out the minimum wage scale that an apprenticeship program must meet in order to receive State approval.

9. There is no requirement that an apprenticeship program must receive or maintain State approval to operate in California. Nor is there any

consolidated with the hearing of the application for a preliminary injunction. The Court may enter judgment as to ABC-SoCal's First Amended Complaint against ABC-SoCal and in favor of Defendants. The Court may adopt its findings of fact and conclusions of law in its April 11, 2002 Order Denying Preliminary Injunction, as appropriately modified, as the final findings of fact and conclusions of law in this matter. To the extent that any of the Findings of Fact are deemed to be Conclusions of Law or any of the Conclusions of Law are deemed to be Findings of Fact, the same shall be deemed to be Conclusions of Law or Findings of Fact, as the case may be.

**FINDINGS OF FACT**

1. Plaintiff, a California corporation, is an association of contractors engaged in the building and construction trades with its principal place of business in Anaheim, California. See First Amended Complaint ¶ 3. Plaintiff sponsors State-approved apprenticeship programs in the occupations of electrician, plumber, and carpenter. See Decl. Sawyer ¶ 6.

2. Defendant Nunn is Chief, Division of Apprenticeship Standards ("DAS") of the State of California. See Decl. Nunn ¶ 1.

3. Defendant Smith is Director of the Department of Industrial Relations ("DIR") of the State of

prohibition on contractors employing apprentices from unapproved programs.

10. California is approved by the Secretary of Labor as a State Apprenticeship Council ("SAC") under the National Apprenticeship Act, 29 U.S.C. §50. Therefore, State approval of an apprenticeship program also confers approval upon the program for federal purposes.

11. Section 208(b) addresses the wage scale for apprentices in the building and construction trades when they are employed on public works projects. Section 208(c) addresses the wage scale for apprentices in the building and construction trades when they are employed on projects "not covered by [Section 208(b)]."

12. Plaintiff contends that: (i) Sections 208(b) and (c) are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.; (ii) Section 208(c) is preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. §151, et seq.; (iii) Section 208(c) is preempted by the Davis-Bacon Act, 40 U.S.C. §276a, et seq., insofar as it applies state wage rates to projects awarded by federal agencies, and (iv) Section 208(c) is preempted by administrative regulations adopted by the Department of Housing and Urban Development ("HUD") pursuant to the United States Housing Act, 42 U.S.C.

§1437, *et seq.* insofar as Section 208(c) would require that State wage rates higher than the applicable federal wage rates be paid on certain HUD-funded projects covered by these administrative regulations.

13. Defendants do not interpret Section 208(c) as applicable to projects awarded by federal agencies. They regard these projects to be covered by Section 208(b), which was not substantively amended. Defendants represent that, as a matter of policy, they do not enforce state wage rates on projects awarded and controlled by federal agencies, and plaintiff does not make any showing to the contrary.

14. Defendants do not interpret Section 208(c) as applicable to projects covered by the HUD regulations that plaintiff relies upon. They regard these projects to be covered by Section 208(b), which has not been substantively amended. The California Director of DIR, Defendant Smith, has a policy of adopting the federal wage rates for projects covered by the HUD regulations so as to avoid a possible conflict with federal law. Defendants do not enforce higher State wage rates on projects covered by the HUD regulations.

## CONCLUSIONS OF LAW

1. Plaintiff asserts that the Court has jurisdiction under 28 U.S.C. §1331. The Court questions whether a federal question is presented,

M:\JDW\Coalition\Pld\Stipulation and Order for Entry of Judgment(Final).wpd

but, because jurisdiction and the merits are intertwined, the Court has proceeded to adjudicate the case on the merits. *See Panchita Hodgers-Durgin, et al. v. Gustavo De La Vina, et al.* 199 F.3d 1037, 1042 n.3 (1999).

2. Venue is proper in this district.

3. There is no case or controversy before the Court with regard to HUD regulations. Because Defendants do not enforce, and do not intend to enforce, higher State wage rates on projects covered by the HUD regulations, the question whether higher State wage rates would be preempted by the HUD regulations is hypothetical.

4. There is no case or controversy before the Court regarding Davis-Bacon preemption. As a general matter, the Davis-Bacon Act is intended to benefit employees by setting a floor on the wages that may be paid to employees on federal construction projects. *See United States v. Binghamton Construction Company, Inc.*, 347 U.S. 171, 178, 74 S.Ct. 438, 442, 98 L.Ed. 594 rehearing denied, 347 U.S. 940, 74 S.Ct. 625, 98 L.Ed. 1089 (1954). In this case, Defendants do not interpret Section 208 to apply State wage rates, rather than Davis-Bacon wage rates, on projects that are funded and controlled by federal agencies. *See* 8 C.C.R. §16001(b); *Southern California Labor Management Operating Engineers Contract Compliance Committee v.*

*Aubry*, 54 Cal.App.4th 873, 883, 63 Cal.Rptr.2d 106, 111-12 (1997). Accordingly, the question whether the State could require higher wage rates than the federal rates for apprentices on those exclusively federal projects is hypothetical.

5. Section 208(c) is not preempted by the NLRA. Congress intended the States to establish labor standards, including wage standards, for apprentices. *See Dillingham Construction v. County of Sonoma*, 190 F.3d 1034 (9th Cir, 1999). The NLRA preemption case that plaintiff principally relies upon, *Chamber of Commerce of the U.S. v. Bragdon*, 64 F.3d 497 (9th Cir. 1995), did not deal with a wage scale for apprentices; moreover, the wage scale was mandatory, not applicable only to workers in apprenticeship programs that have voluntarily sought state approval.

6. Sections 208(b) and (c) are not preempted by ERISA. Congress did not intend ERISA to preempt state regulation of apprenticeship standards for those programs that voluntarily seek State approval. *See Calif. Div. of Labor Standards Enf. v. Dillingham*, 519 U.S. 316, 332, 117 S.Ct. 832, 841, 136 L.Ed. 2d 791 (1997). Moreover, ERISA does not prevent the State from granting a credit toward the wage requirement for fringe benefit payments. *See WSB Electric Inc. v. Curry*, 88 F.3d 288 (9th Cir, 1996). Plaintiff also objects to that provision of Section 208(c) that

allows the state to verify payment of contributions on the ground that it places undue burdens on ERISA plans. However, the provision on its face applies to employers, not to ERISA plans. Whether the state would enforce the provision in a manner that interfered with the operations of ERISA plans is speculation.

ABC-SoCal and Defendants ask that the Court approve this stipulation and enter the attached judgment. ABC-SoCal preserves its right to appeal on all of the contentions raised in its requests for declaratory and injunctive relief. This stipulation and judgment shall not constitute evidence or an admission by any party. Each party shall bear its own costs and fees.

IT IS SO STIPULATED.

COOK BROWN, LLP

Date: June 12, 2002

DENNIS B. COOK
RONALD W. BROWN
JESSAVEL DELUMEN WONG
Attorney for Plaintiff
ASSOCIATED BUILDERS AND
CONTRACTORS OF SOUTHERN
CALIFORNIA, INC.

IT IS SO ORDERED
Dated _____

United States District Judge

```
 1                              DEPARTMENT OF INDUSTRIAL
                                RELATIONS, OFFICE OF THE
 2                              DIRECTOR-LEGAL UNIT

 3
 4   Date: _____
                                _____
 5                              JOHN M. REA
                                STEVEN A. MCGINTY
 6                              Attorney for Defendant
                                Stephen J. Smith
 7
                                DEPARTMENT OF INDUSTRIAL
 8                              RELATIONS, OFFICE OF THE
                                DIRECTOR-LEGAL UNIT
 9
10
     Date: _____
11                              _____
                                FRED D. LONSDALE
12                              Attorney for Defendant Henry
                                P. Nunn III
13
                                OFFICE OF THE ATTORNEY
14                              GENERAL

15
16   Date: _____
                                _____
17                              W. DEAN FREEMAN
                                JULIAN O. STANDEN
18                              Attorney for Defendant
                                Jeannie Holmes
19

20                              ALTSHULER, BERZON, NUSSBAUM,
                                RUBIN & DEMAIN
21
22
     Date: 6/7/02               [signature]
23                              _____
                                STEPHEN P. BERZON
24                              SCOTT A. KRONLAND
                                JONATHAN WEISSGLASS
25                              Attorney for Intervenor
                                Defendant State Building and
26                              Construction Trades Council
                                of California, AFL-CIO
27
28
```

M:\JDM\Coalition\Pld\Stipulation and Order for Entry of Judgment(Final).wpd

11  STIPULATION AND ORDER FOR ENTRY OF JUDGMENT
    SA-02-131-AHS(MLGx)

```
 1                          DEPARTMENT OF INDUSTRIAL
                            RELATIONS, OFFICE OF THE
 2                          DIRECTOR-LEGAL UNIT

 3
      Date: 10 June 02      /s/ John M. Rea
 4                          _____
                            JOHN M. REA
 5                          STEVEN A. MCGINTY
                            Attorney for Defendant
 6                          Stephen J. Smith

 7
                            DEPARTMENT OF INDUSTRIAL
 8                          RELATIONS, OFFICE OF THE
                            DIRECTOR-LEGAL UNIT
 9

10    Date: 10/June 02      /s/ Fred D. Lonsdale
                            _____
11                          FRED D. LONSDALE
                            Attorney for Defendant Henry
12                          P. Nunn III

13
                            OFFICE OF THE ATTORNEY
14                          GENERAL

15

16    Date: _____

17                          _____
                            W. DEAN FREEMAN
                            JULIAN O. STANDEN
18                          Attorney for Defendant
                            Jeannie Holmes
19

20                          ALTSHULER, BERZON, NUSSBAUM,
                            RUBIN & DEMAIN
21

22
      Date: _____
23                          _____
                            STEPHEN P. BERZON
24                          SCOTT A. KRONLAND
                            JONATHAN WEISSGLASS
25                          Attorney for Intervenor
                            Defendant State Building and
26                          Construction Trades Council
                            of California, AFL-CIO
27

28
```

M:\JDW\coalition\Pld\Stipulation and Order for Entry of Judgment(Final).wpd

11    STIPULATION AND ORDER FOR ENTRY OF JUDGMENT
      SA-02-131-AHS(MLGx)

-- TOTAL P:02

|   |   |
|---|---|
| 1 | DEPARTMENT OF INDUSTRIAL RELATIONS, OFFICE OF THE DIRECTOR-LEGAL UNIT |
| 2 | |
| 3 | |
| 4 | Date: _____ |
| 5 | JOHN M. REA |
| 6 | STEVEN A. MCGINTY<br>Attorney for Defendant<br>Stephen J. Smith |
| 7 | |
| 8 | DEPARTMENT OF INDUSTRIAL RELATIONS, OFFICE OF THE DIRECTOR-LEGAL UNIT |
| 9 | |
| 10 | |
| 11 | Date: _____ |
| 12 | FRED D. LONSDALE<br>Attorney for Defendant Henry P. Nunn III |
| 13 | |
| 14 | OFFICE OF THE ATTORNEY GENERAL |
| 15 | |
| 16 | Date: 6-12-02 |
| 17 | W. DEAN FREEMAN<br>JULIAN O. STANDEN<br>Attorney for Defendant<br>Jeannie Holmes |
| 18 | |
| 19 | |
| 20 | ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN |
| 21 | |
| 22 | |
| 23 | Date: _____ |
| 24 | STEPHEN P. BERZON<br>SCOTT A. KRONLAND<br>JONATHAN WEISSGLASS<br>Attorney for Intervenor<br>Defendant State Building and<br>Construction Trades Council<br>of California, AFL-CIO |
| 25 | |
| 26 | |
| 27 | It is ordered that the Clerk enter judgment |
| 28 | in favor of defendants. |

M:\JDW\Coalition\Pld\Stipulation and Order for Entry of Judgment(Final).wpd

11

STIPULATION AND ORDER FOR ENTRY OF JUDGMENT
SA-02-131-AHS(MLGx)

**IT IS SO ORDERED**

JUN 17 2002

United States District Judge

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Cook Brown, LLP, 555 Capitol Mall, Suite 425, Sacramento, California 95814. On June 12, 2002, I served the within document:

**STIPULATION AND ORDER FOR ENTRY OF FINAL JUDGMENT**

\_\_\_\_  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

**XXX**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

\_\_\_\_  (BY OVERNIGHT MAIL) I caused such document(s) to be sent by overnight mail by using Federal Express Mail (Airbill No. _____) Under that practice it would be deposited that same day in a Federal Express drop box for delivery the next business day.

\_\_\_\_  by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

\_\_\_\_  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid.

**X**  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 12, 2002, at Sacramento, California.

Linda Johnston

M:\JDW\Coalition\Appeal\Proof of Service.wpd

ABC SoCal v. Nunn, et al.
Case No. SA-CV-02-131-AHS (MLGx)

ABC SoCal v. Nunn, et al.
Case No. SA-CV-02-131-AHS (MLGx)

## SERVICE LIST

Fred Lonsdale, Esq.
Department of Industrial Relations
Office of the Director - Legal Unit
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
Facsimile: 415/703-4277
For: Defendants Henry P. Nunn III and Stephen J. Smith

John Rea, Esq.
Department of Industrial Relations
Office of the Director - Legal Unit
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
Facsimile: 415/703-4277
For: Defendants Henry P. Nunn III and Stephen J. Smith

Steve McGinty, Esq.
Department of Industrial Relations
Office of the Director - Legal Unit
320 West Fourth Street, Suite 600
Los Angeles, CA 90013
Facsimile: 213/576-7735
For: Defendants Henry P. Nunn III and Stephen J. Smith

Julian Standen, Esq.
Office of the Attorney General
455 Golden Gate Avenue, Suite 1100
San Francisco, CA 94102-7004
Facsimile: 415/703-5480
For: Defendant Jeannie Holmes

Jonathan Weissglass, Esq.
Altshuler, Berzon, Nussbaum, Rubin & Demain
177 Post Street, Suite 300
San Francisco, CA 94108
Facsimile: 415/362-8064
For: Intervenor, State Building and Construction Trades Council of California, AFL-CIO

John J. Davis, Jr.
Davis, Cowell & Bowe, LLP
100 Van Ness Street, 20th Floor
San Francisco, CA 94102
Facsimile: 415/626-2860
For: Amicus Curiae, California State Pipe Trades Joint Apprenticeship Committee and Plumbers & Steamfitters Local 159 Joint Apprenticeship & Training Committee

M:\JDW\Coalition\Appeal\Service List.wpd

SERVICE LIST